In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Keith E. HALVERSON, Attorney at Law.

Supreme Court

*No. 98–1850–D. Filed April 27, 1999.*

(Also reported in 591 N.W.2d 821.)

¶ 1.  PER CURIAM.  We review the recommen-
dation of the referee that Attorney Keith E. Halverson

be publicly reprimanded for professional misconduct consisting of his failure to keep two clients informed of the status of their legal matters he had undertaken and to respond to their requests for information, not responding to the letter of one client terminating his representation and requesting the return of the retainer he had been paid, failing to file a client's bankruptcy petition timely, even though he was aware that the client's wages were being garnished, and not responding to letters from the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee investigating his conduct in those matters. We determine that the public reprimand recommended by the referee is the appropriate discipline to impose on Attorney Halverson for that professional misconduct.

¶ 2.    Attorney Halverson was admitted to practice law in Wisconsin in 1966 and practices in Prescott, but he has been suspended from the practice of law since October 31, 1997, for non-payment of State Bar dues. He has not been the subject of a prior disciplinary proceeding. When he did not file an answer or other responsive pleading after being served personally with the Board's complaint and did not appear at the hearing before the referee on the Board's motion for default judgment, the referee, Attorney Janet Jenkins, made findings of fact and conclusions of law based on the allegations of the complaint.

¶ 3.    In May 1996 Attorney Halverson was retained by a couple to file a bankruptcy petition, for which he was paid a retainer of $1000. Attorney Halverson performed very limited services in the matter and did no work on it after mid-June 1996. The clients' numerous attempts to contact him during June of 1996 were unsuccessful, as he did not respond to any of their

216

telephone calls or to their registered letter notifying him that they were terminating his representation and asking that he refund the retainer. At the Board's suggestion, Attorney Halverson ultimately made restitution of the $1000 retainer but not until November 1997, more than 16 months after his representation of those clients was terminated.

¶ 4. In a second matter, a client retained Attorney Halverson in July 1994 to represent her in a bankruptcy and paid him $500 of the agreed-upon fee of $975. After he was retained but prior to filing a bankruptcy petition on the client's behalf, Attorney Halverson was aware that the client was subject to garnishment proceedings that resulted in $3000 being garnished from her wages.

¶ 5. During 1995 and 1996, the client attempted on numerous occasions to contact Attorney Halverson but for the most part was unsuccessful. He did not respond to the messages she left at his home and at his office or to her letters. Nonetheless, the client made additional payments toward his fee: $200 in May of 1996 and $300 in March of 1997. Attorney Halverson did not complete the bankruptcy petition for the client until the spring of 1997, and it was filed with the court in June of that year.

¶ 6. Attorney Halverson did not respond to two letters from the Board in each of its investigations of those two matters, and the Board's certified letters informing him of the clients' grievances and requesting a response were unclaimed. Attorney Halverson also did not respond to letters from the district professional responsibility committee investigator to whom the matters had been referred, but he appeared at a meeting of that committee and provided materials from his files.

¶ 7. On the basis of those facts, the referee concluded that Attorney Halverson engaged in professional misconduct as follows. His failure to keep his clients informed of the status of their bankruptcy matters and respond to their requests for information violated SCR 20:1.4(a).[1] His failure to respond to the communication terminating his representation and requesting the return of a retainer constituted a failure to take steps reasonably practicable following termination of his services to protect the client's interests, in violation of SCR 20:1.16(d).[2] His failure to file a bankruptcy petition promptly on behalf of a client whose wages were being garnished constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[3] His failure to respond to letters from the Board and the district

---

[1] SCR 20:1.4 provides, in pertinent part:

**Communication**

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**

. . .

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

professional responsibility committee investigating his conduct violated SCR 21.03(4)[4] and 22.07(2).[5]

¶ 8. As discipline for that professional misconduct, the referee recommended that the court publicly reprimand Attorney Halverson. In making that recommendation, the referee observed that Attorney Halverson has not previously been disciplined for professional misconduct after practicing law for more than 30 years. Nonetheless, the referee noted the seriousness of his failure to return the clients' retainer promptly after his representation was terminated. Similarly serious was his failure to file the bankruptcy petition on the other client's behalf when he should and could have, with resulting financial harm to his client by wage garnishment. In addition to the public reprimand, the referee recommended that Attorney

---

[4] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

Halverson be required to pay the costs of this proceeding.

¶ 9. We adopt the referee's findings of fact and conclusions of law and determine that a public reprimand is the appropriate discipline to impose on Attorney Halverson for his professional misconduct established in this proceeding.

¶ 10. IT IS ORDERED that Keith E. Halverson is publicly reprimanded as discipline for professional misconduct.

¶ 11. IT IS FURTHER ORDERED that within 60 days of the date of this order, Keith E. Halverson pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Keith E. Halverson to practice law in Wisconsin shall be suspended until further order of the court.