IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Keith E. HALVERSON, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

Keith E. HALVERSON, Respondent.

Supreme Court

*No. 00–0843–D. Filed October 26, 2000.*

## 2000 WI 113

(Also reported in 618 N.W.2d 191.)

¶ 1.   PER CURIAM.   We review the recommendation of the referee that Attorney Keith E. Halverson be publicly reprimanded as discipline for professional misconduct. That misconduct consisted of failing to act with reasonable diligence and promptness in the probate of an estate, failing to keep his client reasonably informed of the status of that matter and respond to her telephone calls, failing to inform his client and the probate court that he had been suspended from the practice of law for failure to pay State Bar dues while the estate was being probated and continuing to act in the matter while suspended, and failing to respond to the Board of Attorneys Professional Responsibility (Board) and to the district professional responsibility committee investigating his conduct.

¶ 2.   We determine that a public reprimand is the appropriate disciplinary response to Attorney Halverson's professional misconduct established in this proceeding. Notwithstanding that his misconduct is the same as that for which he previously was publicly reprimanded, its seriousness and the severity of discipline to be imposed for it are mitigated by factors discussed below.

¶ 3.   Attorney Halverson was admitted to practice law in Wisconsin in 1966 and practiced in Prescott and Menomonie. He closed his law offices in 1998, and there is no indication that he currently is practicing law. He was publicly reprimanded in April 1999 for

failing to keep two clients informed of the status of their legal matters and respond to their requests for information, not responding to the letter of one client terminating his representation and requesting the return of the retainer he had paid, failing to file a client's bankruptcy petition timely, although aware that the client's wages were being garnished, and not responding to letters from the Board and the district committee investigating his conduct. *Disciplinary Proceedings Against Halverson*, 225 Wis. 2d 215, 591 N.W.2d 821. Attorney Halverson did not file an answer to the Board's complaint, and the referee, Attorney Janet Jenkins, made findings of fact following a hearing on the Board's motion for default judgment, which Attorney Halverson did attend.

¶ 4. Attorney Halverson was retained in August 1996 to probate the estate of a client's mother. He filed the probate that month, but there was no progress and no documents were filed in the estate between May 19, 1997, and February 1998. Attorney Halverson rarely contacted the client during the administration of the estate and did not respond to numerous requests for information from the client, as well as requests to complete the probate. The estate was concluded on March 9, 1998.

¶ 5. Attorney Halverson was suspended from the practice of law in Wisconsin on October 31, 1997, for failure to pay State Bar membership dues. Notwithstanding that suspension, he continued acting as attorney for the estate and made a number of filings in it up to the time it was closed. Attorney Halverson did not notify either his client or the probate court of his suspension from the practice of law.

¶ 6. Attorney Halverson did not respond to two requests from the Board to respond to the client's griev-

ance concerning his conduct in the estate matter. He also did not respond to a letter from the district professional responsibility committee to which the matter had been referred for investigation.

¶ 7.   On the basis of those facts, the referee concluded that Attorney Halverson engaged in the following professional misconduct:

> (a)   His failure to act promptly and with reasonable diligence in probating the estate violated SCR 20:1.3.[1]

> (b)   His failure to provide his client with information regarding the estate matter and failing to respond to the client's letters and telephone calls constituted failure to keep his client reasonably informed of the status of a legal matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[2]

> (c)   His failure to inform his client and the court of his suspension from the practice of law while continuing to act in the estate matter violated SCR 22.26(1)(a) and (b).[3]

---

[1] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4(a) provides:

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] References in this opinion to chapters 21 and 22 of the Supreme Court Rules are to the rules in effect at the time relevant to this proceeding.

Former SCR 22.26(1)(a) and (b) provided:

(1)(a)  A disbarred or suspended attorney on or before the effective date of disbarment or suspension shall:

(d) His continuing to represent the estate after being suspended from the practice of law for failure to pay bar association dues violated SCR 10.03(4) and (6).[4]

(e) His failure to respond to the Board and to the district committee seeking information concerning the client's grievance constituted a failure to

1. Notify, by certified mail, all clients being represented in pending matters of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension.

2. Advise the clients to seek legal advice of the client's own choice elsewhere.

(b) A disbarred or suspended attorney with a matter pending before a court or administrative agency shall promptly notify the court or administrative agency and the attorney for each party of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension. The notice must identify the successor attorney or, if there is none at the time of the notice, state the place of residence of the client of the disbarred or suspended attorney.

[4] SCR 10.03(4) and (6) provide:

(4) Only active members may practice law. No individual other than an enrolled active member of the state bar may practice law in this state or in any manner purport to be authorized or qualified to practice law. A judge in this state may allow a nonresident counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding. Permission to the nonresident lawyer may be withdrawn by the judge granting it if the lawyer by his or her conduct manifests incompetency to represent a client in a Wisconsin court or by his or her unwillingness to abide by the rules of professional conduct for attorneys and the rules of decorum of the court.

(6) Penalty for nonpayment of dues. If the annual dues of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues may practice law during the period of the suspension.

cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(2).[5]

¶ 8.   As discipline for that misconduct, the referee recommended that Attorney Halverson be publicly reprimanded. The referee observed that it stemmed from the 1999 proceeding that resulted in a public reprimand. Attorney Halverson became angry with the State Bar when that proceeding was commenced against him and largely ignored State Bar-related matters thereafter. When his license was suspended in 1997 for failure to pay membership dues, he mailed his dues to the State Bar, but they were returned to him because he had not included the $20 reinstatement fee. Attorney Halverson stated that he was unaware the dues check had been returned because he had refused to open the envelope from the State Bar containing it. He testified that he had mistakenly believed his dues had been paid and that he had been reinstated to the practice of law.

---

[5] Former SCR 21.03(4) provided:

(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

Former SCR 22.07(2) provided:

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

¶ 9. In respect to the probate matter, Attorney Halverson asserted that all estate assets had been disbursed, the final account had been filed, and the receipts and waivers had been sent to the heirs prior to his suspension from practice in 1997. Because he was spending time in Arizona following that suspension, he was unaware that the personal representative had been attempting to contact him. When he returned to Wisconsin, he learned that one of the heirs had not signed a receipt or waiver needed to close the estate. He obtained the necessary paper and filed it with the court, and the estate was closed. Thus, it was only his contact with the personal representative and the filing of the last document in the estate that constituted his practice of law while suspended.

¶ 10. The referee also noted that Attorney Halverson's failure to cooperate with the Board and the district committee in their investigation of his conduct in the estate matter resulted from his "continued disenchantment" with the State Bar. He felt he had been treated unfairly and elected to ignore those he perceived as the source of that unfairness.

¶ 11. Because his continuing to practice while suspended was the result of his initial misapprehension regarding payment of his State Bar dues and because his neglect in handling the estate was not serious, the referee determined that the public reprimand sought by the Board was the appropriate discipline to be imposed. In addition, the referee recommended that Attorney Halverson be required to pay the costs of this proceeding.

¶ 12. IT IS ORDERED that Keith E. Halverson is publicly reprimanded as discipline for the professional misconduct established in this proceeding.

875

¶ 13.    IT IS FURTHER ORDERED that within 60 days of the date of this order, Keith E. Halverson pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Keith E. Halverson to practice law in Wisconsin shall be suspended until further order of the court.